Martin, J.
The plaintiffs obtained an injunction against the defendant, who, they alleged, levied an execution issued on a judg *303 ment, rendered on the 23d of June, 1820, on a tract of land, purchased by them, on the 30th of December, 1819, from W. Rousset, the defendant’s debtor.
The defendant shewed, that he sold the land in question, to Rousset, (who afterwards sold it to the plaintiffs) for $2000, by a deed, in which the consideration was acknowleged to have been received, and averred, nevertheless, the $1000 for which he obtained judgment, were due on a note which he took from Rousset, as part of the consideration.
The injunction was made perpetual, and the defendant appealed.
The plaintiffs contend, that the defendant is estopped by his acknowlegement in the deed, that he received the consideration.
The defendant urges, that he is not, and that he may avail himself of the exception de non numeratâ pecuniâ, as the deed does not make any mention of the money having been paid in the presence of the notary and witnesses, nor of their exception having been renounced.
Febrero, in his second volume of the Libreria de los escribanos, ch. 4, sec. 8, n. 163, cited in Berthole vs. Mace. 5 Martin, 576 is *304 of opinion, that in a carta de paga, or other deed, acknowleging the payment of a sum of money, not delivered at the time of the execution of the deed, the payee ought to renounce the exception de non numeratâ pecuniâ, and refers to the Partida, 5, 1, 9, and the law in contractibus of the title de non numeratâ pecuniâ of the Roman Code. In the form of a deed of sale, in the last section of the fifth chapter of the same volume, he adds a clause, in which the exception de non numeratâ pecuniâ is renounced by the vendor, and informs us, that when the purchase-money is not paid in before the notary and witnesses, at the time the deed is executed, this clause is necessary, and refers to the Partida, 5, 1, 9. No other commentator of the Spanish law, on this subject, is within our reach at this place.
The law of the Partida cited, speaks only of the contract of loan, and Gregorio Lopez is of opinion, it relates only to that of mutuum, or loan of such things as are delivered by number, weight, or measure. He refers to the opinions of several Roman jurists, who confine the law in contractibus to this contract. Several French writers, among whom is Desquiron, think the exception de non numeratâ pe *305 cuniâ, applied in Rome, to the contract of loan only. Esprit des Institutes.
In the third Partida, we have the forms of a great many deeds of sale, and I notice, that the legislator, with a single exception, in the form which he prescribes, introduces a clauses mentioning the payment of the money before the notary and witnesses, and in the only case which forms the exception, a clause is inserted, by which the exception de non numeratâ pecuniâ is renounced, Gregorio Lopez, in his note on this case, informs us, that the party has only thirty days to avail himself of this exception. He refers to the laws, In contractibus et in Cœtreis, of the title de non numerata pecunia in the Roman Code.
I think, that when the legislator prescribes forms with clauses, mentioning the numeration of the money, or the remuneration of the exception de non numeratâ pecuniâ, such clauses must be considered as evidence of his intention, that the purchase-money should be paid, at the execution of the deed, before the notary and witnesses; or the exception resulting from the want of such numeration renounced; of his intention to preserve to his subjects the benefit of such an exception, when it is not *306 renounced. Otherwise, why does he prescribe the enunciation ? This seems to have been admitted by the defendant's counsel in Berthole vs. Mace.
The time within which the exception or plea may avail, is the next object of our attention.
In Berthole vs. Mace, this passed sub silentio; and the period mentioned by Febrero (two years) and the Partida, 5, 1, 9, was taken as the true one, by the counsel of both parties, and the court.
I have not found the exception de non numeratâ pecuniâ mentioned in any other part of the Spanish statutes, than the third and fifth Partidas. The former is silent as to the period within which it may avail, the latter mentions that of two years.
As the exception comes to the Spanish from the Roman law, it is in the latter that we must look for the solution of the question.
After a close and tedious examination, I find no mention of this exception in the Pandects. In the Code, it is mentioned only in the title, in which it is treated ex professo. In the institutes, there are two titles relating to it. C. 4. 30. Inst. 3, 22. et 413.
*307 This distinction appears to me to be clearly established. When the acknowlegement of the receipt of the money is made onerandi causâ, by a person who binds himself to repay it, or to give or do something therefor, as in the contract of loan or the like, the party may avail himself of the exception, within two years. But, when it is made liberandi causâ, to dissolve the obligation of the payee, as in the contract of sale, and the like, the period is of thirty days only.
In the present case, the acknowlegement of the payment was made by the vendor, liberandi causâ, to disturb the obligation of the vendee, to pay the price.
The note taken by the vendor from his vendee, is a counter letter, which, according to the Civil Code, cannot prejudice a third party.
I think the opinion of Lopez ought to prevail over that of Febrero, and that we ought to affirm the judgment of the district court with costs.
Mathews, J.
Having examined the laws to which judge Martin refers, and being perfectly satisfied that his interpretation of them is correct, I concur in his opinion.
Bullard for the plaintiffs, Baldwin for the defendant.
It is therefore ordered, adjudged and decreed, that, the judgment of the district court be affirmed with costs.