## CHRISTOPHER CHAFFE *v.* STEAMBOAT ST. CHARLES AND OWNERS.

Where a suit was brought against the owners of a steamboat for the value of a slave, alleged to have
been carried off on the boat, and during the pendency of the suit, the slave was recovered by the
plaintiff,—*Held :* That the plaintiff was nevertheless entitled to prove and recover judgment, for the
amount he had expended in recovering the slave.

APPEAL from the District Court of the Parish of Caddo, *Creswell*, J.

*Hodge & Austin*, for plaintiff and appellant.     *Crain & Nutt*, for defendant.

MERRICK, C. J.  " Plaitiff alleges that his slave, *Dave*, left his premises without
permission on the 29th December, 1856 ; that he believes said slave was carried
from Shreveport by the steamboat St. Charles; that he was seen on said boat on
the 5th, 6th and 7th of January, 1857, while lying in the port of New Orleans,
carrying boxes, &c., on said boat on the days last mentioned.  He further alleges
his fear and belief that said slave had been enabled to escape from the State by
being carried away as aforesaid ; damages to the amount of $1500, the value of
the slave, and prays for judgment for said amount against said boat, with recog-
nition of lien, &c.

The defendants pleaded a general denial, and the court rendered a judgment for
their costs."

The plaintiff having recovered the slave during the pendency of the suit, offered
to prove on the trial by a witness the amount of costs, and money expended by
him in recovering possession of the slave, and the value of the services of the slave
per month.  Said testimony was objected to by defendant's counsel on the ground
that the same was irrelevant, and there was no allegation authorizing any such evi-
dence.   The testimony was received notwithstanding the objection, but it appears
to have been subsequently disregarded by the judge, who rendered judgment in
favor of the defendant.  We are of the opinion that the district judge did not err
in receiving the testimony.  The fact proven by the defendant by the cross-exam-
ination of the witness *Parnell*, that plaintiff had recovered the slave since the in-
stitution of the suit, justified the introduction of proof of the expenses in recover-
ing the slave, and the value of his services whilst he was absent.

The defendant by the proof, defeats the claim for the principal portion of the
damages, but on the recovery of the possession of the slave *pendente lite*, has not
changed the nature of the act charged in the petition, but lessened its injurious
effects to defendant, there is no good reason why the proof should not be received
and when received produce its effect.  *Dufour* v. *Camfrancq*, 8 Martin, 307.

The action is brought for the value of the slave, and not for the fine of $500

given by section 2d of the Act of 1840, p. 90. If the plaintiff had intended to claim the penalty he should have specially claimed it in his petition.

The proof is sufficient to entitle the plaintiff to recover of the defendant the sum of $78 90, the value of the services of the slave while absent and the costs of his recovery.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed and that the plaintiff recover and have judgment against said *W. D. Bateman* for said sum of seventy-eight dollars and ninety cents and plaintiff's privilege upon said steamboat St. Charles be recognized to secure the same. And it is further ordered, that the defendants pay the costs of both courts.